Filed 7/27/15  P. v. Patterson CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B261564 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA156695) |
| v. | |
| RONALD EVERRETT PATTERSON, | |
| Defendant and Appellant. | |

_____

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Ronald Everrett Patterson, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1998, a jury convicted Ronald Everett Patterson of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)). In a bifurcated trial, the court found true the special allegations that Patterson had suffered serious or violent felony convictions for robbery in 1984 and for burglary, robbery and attempted murder in 1989 within the meaning of the three strikes law (*id*., §§ 667, subds. (b)-(i), 1170.12). The trial court sentenced Patterson to an indeterminate state prison term of 25 years to life.

On September 30, 2014, the trial court denied with prejudice Patterson's petition for recall of sentence pursuant to Penal Code section 1170.126 on the ground Patterson was ineligible for resentencing because one of his prior convictions was for attempted murder. (*Id*., §§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).) Patterson appealed.

We appointed counsel to represent Patterson on appeal. After examination of the record, counsel filed an opening brief in which he raised no issues. On March 20, 2015, we advised Patterson he had 30 days within which to personally submit any contentions or issues he wished us to consider.

On April 30, 2015, we received a six-page typed "supplemental brief" in which Patterson claimed the trial court violated his constitutional right to equal protection by denying his petition. Patterson does not dispute that his 1989 conviction for attempted murder (Pen. Code, §§ 187, 664) makes him statutorily ineligible for resentencing. He contends, however, that his culpability for that crime was limited because a codefendant committed the actual attempted murder and because the trial court stayed Patterson's sentence on that crime. Patterson therefore argues the Proposition 36 exclusion for persons convicted of certain crimes, including attempted murder (Pen. Code, § 1170.126, subd. (e)(3)), was never intended to apply to persons such as himself.

Further, Patterson maintains he has proven himself to be a nonviolent, low risk petty offender, and his Fourteenth Amendment equal protection rights dictate that he receive the same sentence as other similarly situated inmates who are second strike offenders.

Patterson is not eligible for resentencing under Penal Code section 1170.126 because he was convicted of attempted murder, a crime excluding him from the resentencing scheme. Patterson has not shown how the law's delineation of exceptions to the resentencing rule violates equal protection.

We have examined the entire record and are satisfied Patterson's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The order is affirmed.

STROBEL, J.[*]

We concur:

PERLUSS, P. J.

SEGAL, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.